Richard Norman ROJEM, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. PC–89–1317.

Court of Criminal Appeals of Oklahoma.

March 31, 1992.

OPINION

LANE, Presiding Judge:

Petitioner, Richard Norman Rojem was tried by jury and convicted of First Degree Rape and First Degree Murder of seven year old Layla Dawn Cummings, his ex-wife's daughter. Petitioner was sentenced to life imprisonment for the rape and for the murder he was sentenced to death. This Court affirmed the conviction in *Rojem v. State*, 753 P.2d 359 (Okl.Cr.1988) and the United States Supreme Court denied *certiorari*. 488 U.S. 900, 109 S.Ct. 249, 102 L.Ed.2d 238 (1988). Petitioner is before us now following denial of the District Court of his Application for Post–Conviction Relief. He raises nineteen (19) propositions of error alleging his conviction and sentence are in violation of the United

States Constitution. *See* 22 O.S.1981, § 1080(a).

At the outset we wish to compliment both appellate counsel and the trial judge for the high quality of the briefs and Order. Each is well written, well focused and of real benefit to this Court. The issues are exceptionally well framed as they come up to us for appellate review.

■ Due to the necessity of finality of judgments, our review of an appeal from denial of an application for post-conviction relief is limited to those issues which were not and could not have been raised on direct appeal. Issues which were raised and have been decided on direct appeal are barred from reconsideration by *res judicata*. *Banks v. State*, 810 P.2d 1286 (Okl.Cr. 1990); *Coleman v. State*, 693 P.2d 4 (Okl. Cr.1984); 22 O.S.1981, § 1086. Issues which were not raised on direct appeal, but could have been raised are waived. *Banks, supra; Smith v. State*, 546 P.2d 1351 (Okl. Cr.1976); 22 O.S.1981, § 1086. An exception to these exclusionary rules exists when an intervening change in constitutional law impacts the judgment or sentence. We recognize that in order to continue to define the outward limits of constitutionality in capital murder cases, counsel must advance arguments which ultimately will be barred from our consideration for no intervening change of law has taken place in spite of the efforts of appellate defense counsel nation-wide. Having said this, we affirm the denial by the District Court of the Petitioner's Application for Post Conviction Relief.

All of the issues presented except one were raised, or could have been raised on direct appeal. We will not reconsider issues resolved in the original appeal, for, as we explained, our reconsideration is barred by *res judicata*. We find no intervening development of constitutional law which requires a reversal of judgment or modification of sentence based on any of these alleged errors. Likewise, no intervening change of law requires that we address the issues which have been waived.

Petitioner argues on appeal that on his application for post-conviction relief he was denied a full and fair hearing, and effective assistance of counsel. Specifically he argues the trial court improperly denied his motion for discovery production and inspection of the State's entire file, and for funds to hire expert witnesses in the post-conviction proceedings. He also argues he was prevented from fully developing his claims for he was not physically present during the hearing on a Motion for Habeas Corpus, and the post-conviction relief hearing.

■ In his original appeal the petitioner did not claim the State withheld exculpatory evidence from him. *See Rojem, supra.* In this appeal he claims the trial court erroneously denied his Motion to discover the State's entire case file which "would provide information necessary to prove Mr. Rojem did not commit this crime". We know of no circumstance under which the State's entire file is discoverable by a criminal defendant or appellant, and the petitioner cites no authority to support his position. The District Court correctly denied this motion.

■ The District Court also denied the petitioner's motion for expert witnesses which he claims were essential to any meaningful investigation and presentation of his post-conviction claims. This argument is not persuasive for several reasons. Petitioner does not claim as a ground for post-conviction relief newly discovered evidence. On direct appeal this Court held the denial of the defendant's request for experts was not error. Furthermore, the constitutional issues raised on post conviction appeal did not require expert witnesses to examine evidence. Denial of the motion for funds for the experts was proper for a threshold showing of need as required by 22 O.S.Supp.1985, § 464(B) [1] was not made.

Integral to these arguments is the claim that the denial of funds denied petitioner effective assistance of counsel. Having found these experts not necessary, and in fact irrelevant, we need not conduct the *Strickland* analysis.

---

1. This section has been repealed since the time of trial.

685

Appellant argues he was denied a fair hearing for he was not present in the court room when his application for post-conviction relief was argued. He claims he was unable to advise counsel. All of the issues presented on application for post-conviction relief were issues of law. No preserved issue of fact was presented. Under these circumstances we find the petitioner's presence was unnecessary. *See Coleman v. State*, 693 P.2d 4 (Okl.Cr.1984).

Finding no properly preserved issue which warrants reversal or modification, the District Court denial of this application for post-conviction relief is AFFIRMED.

LUMPKIN, V.P.J., and BRETT and JOHNSON, JJ., concur.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

On direct appeal, this writer dissented to the affirmance of petitioner's conviction on the grounds that prosecutorial misconduct and the introduction of inadmissible evidence deprived petitioner of a fair trial. *Rojem v. State*, 753 P.2d 359, 370 (Okl.Cr. 1988) (Parks, J., dissenting). While I continue to adhere to the opinion I expressed therein, I agree with the majority that these previously raised issues, which were rejected by a majority of this Court on direct appeal, are barred from reconsideration by *res judicata*. Accordingly, I must concur in the results reached today.