**John Walter CASTRO, Sr., Appellant,**

**v.**

**STATE of Oklahoma, Appellee.**

**No. PC–94–394.**

Court of Criminal Appeals of Oklahoma.

Aug. 17, 1994.

## ORDER DENYING POST–CONVICTION RELIEF

LUMPKIN, Presiding Judge:

Petitioner John Walter Castro, Sr. has appealed to this Court from an order of the District Court of Noble County denying his application for post-conviction relief in Case No. CRF 83–70. Petitioner's first degree murder conviction and death sentence were affirmed by this Court in *Castro v. State*, 844 P.2d 159 (Okl.Cr.1992). A petition for rehearing was denied by this Court in January 1993 and a petition for certiorari was subsequently denied by the United States Supreme Court. *See Castro v. Oklahoma*, — U.S. —, 114 S.Ct. 135, 126 L.Ed.2d 98 (1993). Petitioner's subsequent Application for Post–Conviction relief was filed in the District Court of Noble County on January 7, 1994 and subsequently denied by the court on March 30, 1994. It is this denial which the Petitioner appeals.

■ Petitioner is now asking this Court to review the validity of his conviction and sentence for the third time. Seventeen (17) propositions of error, the majority containing multiple sub-propositions, are raised in Petitioner's brief. The scope of the Uniform Post–Conviction Procedure Act 22 O.S. 1981, § 1080 *et seq.*[1] is strictly limited in its application. Its provisions are limited to only those claims which, for whatever reason, could not have been raised on direct appeal. *Jones v. State*, 704 P.2d 1138, 1140 (Okl.Cr. 1985). Issues which were raised and decided on direct appeal are barred from further consideration by *res judicata*. *Castro v. State*, 814 P.2d 158, 159 (Okl.Cr.1991); *Coleman v. State*, 693 P.2d 4 (Okl.Cr.1984); 22 O.S.1981, § 1086. Issues which were not raised on direct appeal, but could have been raised are waived. *Rojem v. State*, 829 P.2d 683 (Okl.Cr.1992); *Smith v. State*, 546 P.2d

1351 (Okl.Cr.1976); 22 O.S.1981, § 1086. In the present case, Propositions of error I, II, III, IV, V, VI, VII, VIII, IX, X, XI, XII[2], XIV, XVI are issues which were either raised on direct appeal or could have been raised on direct appeal but were not. Therefore, this Court will not consider these issues further.

■ To several of these propositions of error, Appellant has added claims of ineffective assistance of counsel—both trial and appellate. The passing references contained in Propositions I, II, IV, V, VI, VIII, and IX are more fully explained in Proposition XV. These allegations of ineffectiveness range from trial counsel's failure to raise certain issues at trial, to present certain evidence, to enter particular objections and to request certain jury instructions. As for appellate counsel, Petitioner argues he was ineffective for failing to raise critical constitutional errors. Any allegations as to trial counsel's ineffectiveness have been waived as this is an issue which could have been raised on direct appeal but was not. *Webb v. State*, 835 P.2d 115, 117 (Okl.Cr.1992).

■ The charge of ineffectiveness of appellate counsel is key to this appeal. If we find appellate counsel ineffective, the doctrines of waiver and *res judicata* do not bar our consideration of the propositions raised in the application for post-conviction relief. *Mann v. State*, 856 P.2d 992, 994 (Okl.Cr. 1993); *Banks v. State*, 810 P.2d 1286 (Okl.Cr. 1991). In analyzing this type of claim, this Court is guided by the Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Cartwright v. State*, 708 P.2d 592, 594 (Okl.Cr.1985), *cert. denied* 474 U.S. 1073, 106 S.Ct. 837, 88 L.Ed.2d 808 (1986). The basic test for ineffectiveness of counsel is "[w]hether counsel's conduct so undermined the proper functioning of the adversarial process that

---

1. Post-conviction relief in capital cases is governed by 22 O.S. 1981, § 1089. Subsection D provides that all matters not specifically addressed by the provisions of section 1089 are subject to the provisions of the Post–Conviction Procedure Act, 22 O.S. 1981, § 1080 *et seq.*,

2. In Proposition of error XII, Petitioner contends the admission of evidence of a prior death sentence undermined the reliability of the sentencing stage in the trial of the present case. Peti-

tioner's motion to hold this post-conviction appeal in abeyance pending resolution of *Romano v. Oklahoma*, — U.S. —, 114 S.Ct. 2004, 129 L.Ed.2d 1 (1994) (wherein a similar issue was raised) was denied by this Court. Petitioner's subsequent motion to hold this appeal in abeyance and permit an amendment to Proposition XII within thirty (30) days of the Supreme Court's decision is also denied.

the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686, 104 S.Ct. at 2064. In determining whether counsel provided "reasonably effective assistance," this Court indulges "a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Id.*, at 689, 104 S.Ct. at 2065. The appellant bears the burden of showing both that counsel's performance was deficient and that such deficient performance prejudiced the defense. *Id.*, at 687, 104 S.Ct. at 2064. When a claim of ineffectiveness of counsel can be adjudicated on the ground of lack of prejudice, that course should be followed. *Id.* at 696, 104 S.Ct. at 2070, 80 L.Ed.2d at 699.

In reviewing the trial court's denial of post-conviction relief in *Nguyen v. State*, 844 P.2d 176, 179–180 (Okl.Cr.1992) this Court addressed allegations of ineffective assistance of both trial and appellate counsel and stated:

> ... In the present case, we recognize that different trial counsel may have spent more time preparing the case, filed more pre-trial motions, asked more questions during jury selection, presented more evidence and made more objections during trial. Another appellate attorney may have raised more assignments of error on direct appeal. "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." (cite omitted). However, our review of this issue cannot be governed by hindsight, but must focus on whether appellant's attorneys provided reasonably effective assistance. We have examined each of propositions of error alleged above, individually and in the aggregate, and conclude that appellant has failed to demonstrate a reasonable probability that, but for counsel's alleged unprofessional errors, the results of either the trial or the direct appeal would have been different. (cite omitted).

Allegations of ineffective assistance of counsel were also addressed in *Banks v. State*, 810 P.2d 1286, 1290 (Okl.Cr.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 883, 116 L.Ed.2d 787 (1992) wherein we stated:

> [W]e begin with the observation that it is undeniably true that some appellate briefs are written better than others. Those briefs submitted by both appellant and appellee which are well researched, accurate, concise, clear and to the point are of true benefit to the Court. Not all briefs rise to this level of excellence. However, a brief reaches the minimum level constitutionally acceptable if it sufficiently raises relevant issues for the Court to consider and address.
>
> The petitioner does not claim the issues raised on direct appeal ... were not fully considered by the Court. He simply argues that they could have been more effectively presented. We find that the briefs submitted on direct appeal ... were supported with relevant authority, and therefore were sufficient to raise the issues for our consideration.

 It is the role of appellate counsel to carefully select and develop the legal issues to be presented to the court and not raise every nonfrivolous issue conceivable. *Williamson v. State*, 852 P.2d 167, 169 (Okl.Cr. 1993). In the present case, Petitioner was represented on appeal by the Appellate Public Defender's Office, predecessor to the Oklahoma Indigent Defense System. Appellate counsel presented this Court with a thorough well researched brief raising relevant, well-reasoned issues. The fact the original appellate counsel did not raise every issue now raised by post-conviction counsel, the Oklahoma Indigent Defender, is not evidence of ineffectiveness. We made this point in *Cartwright v. State*, 708 P.2d 592, 594 (Okl. Cr.1985) by quoting Chief Justice Burger who, writing for the majority in *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), quoted Justice Jackson:

> Legal contentions, like the currency, depreciate through over-issue. The mind of an appellate judge is habitually receptive to the suggestion that a lower court committed an error. But receptiveness declines as the number of assigned errors increases. Multiplicity hints at lack of confidence in any one ... [E]xperience on

the bench convinces me that multiplying assignments of error will dilute and weaken a good case and will not save a bad one. (citation omitted).

■ While all issues which are not frivolous need not be raised in an effective appellate brief, failure to raise an issue warranting reversal, modification of sentence, or remand for resentencing may well prove counsel was ineffective. Unartful argument which is found to be persuasive when reasserted can also be the basis for a valid claim of ineffective counsel. *See Mann v. State,* 856 P.2d at 994. We have reviewed each of the issues raised herein which were or could have been raised on direct appeal, and find none of them warrant reversal, modification, or resentencing. Consequently we find no evidence of ineffective assistance of appellate counsel.[3] These issues will not be considered on the merits as they are barred by *res judicata* or waived.

■ In his thirteenth proposition of error, Petitioner alleges the trial court erred in denying his application for an extension of time in which to file his application for post-conviction relief. The provisions of 22 O.S. 1981, § 1089(C) require the application for post-conviction relief to be filed in the trial court within sixty (60) days from the date the United States Supreme Court denied the petition for writ of certiorari. In this case, that date was December 3, 1993. On November 19, 1993, Petitioner filed a motion for extension of time. A hearing on that motion was held January 7, 1994 and the motion was denied. In support of his motion for additional time, Petitioner sets forth a plethora of factors which he claims made it impossible for him to comply with the sixty (60) day time limit and which prevented him from putting the State's case to a true and adversarial testing during the post-conviction process. These factors include a heavy caseload; the lack of adequate staff, including the loss of experienced attorneys, the lack of a permanent chief of the capital post-conviction division, and a limited number of investigators; budget cuts resulting in limited resources for client representation; and the time consuming nature of capital appeals.

This Court has long held that post-conviction relief measures are not a substitute for a direct appeal. *Johnson v. State,* 823 P.2d 370, 372 (Okl.Cr.1991); *Cartwright v. State,* 708 P.2d at 593; *Jones v. State,* 704 P.2d at 1140. The Post–Conviction Procedure Act was not intended to provide a "second appeal under the mask of post-conviction application." *Ellington v. Crisp,* 547 P.2d 391, 393 (Okl.Cr.1976). Oklahoma criminal procedures provide each and every defendant in this State with the means to pursue a direct appeal of all convictions as a matter of right. 22 O.S. 1981, § 1051. Provision is made under the law to provide counsel to those defendants not able to afford representation to ensure that the right is carried out in a meaningful manner. 22 O.S. 1981, § 1355 *et seq.* By providing a means of comprehensive review of a conviction, the Legislature has sought to ensure that any claim to relief which a defendant may make will be heard and if meritorious, remedied at the earliest possible time. Likewise, the passage of the Uniform Post–Conviction Procedure Act was intended to protect the valuable rights of criminal defendants. Unlike the provisions providing for direct appeal, however, the scope of this remedial measure is strictly limited in its application. *Johnson v. State,* 823 P.2d at 372. This limited application does not include the relitigation of issues available for review at the time of direct appeal, nor does it allow for review of an issue raised previously by presenting it in a slightly different manner on post-conviction.

In *Murray v. Giarratano,* 492 U.S. 1, 10, 109 S.Ct. 2765, 2770, 106 L.Ed.2d 1, 11 (1989) the Supreme Court held that the appointment of counsel in capital post-conviction cases is not required by the federal constitution. In so holding, the Court stated "that collateral proceedings are not constitutionally required as an adjunct to the state criminal

---

**3.** If counsel honestly finds a factual basis for an allegation of ineffective counsel within the attorney's own office, that information should be reported to the proper administrative oversight authority for appropriate action. If the facts are such the Rules of Professional Conduct are applicable, Rule 8.3 requires a licensed attorney to report that conduct to the Oklahoma Bar Association. See 5 O.S. 1991, Ch. 1, App. 3–A.

proceedings and serve a different and more limited purpose than either the trial or appeal." 492 U.S. at 10, 109 S.Ct. at 2769, 106 L.Ed.2d at 9. The State of Oklahoma however, has statutorily guaranteed all indigent defendants in capital cases seeking post-conviction relief representation by the Oklahoma Appellate Public Defender System. 22 O.S. 1981, § 1089(B). This purely statutory right sets forth sufficient procedures and safeguards to ensure a capital defendant reasonable opportunity to present to this Court collateral challenges to the conviction and death sentence.

If the purposes of the Post–Conviction Procedure Act are followed, sixty (60) days is a sufficient time in which to prepare an application for post-conviction relief. Petitioner's claims of overwork and shortage of staff fail to convince this Court that he is in any way entitled to an exception from that statutory time limit. Petitioner was presented with a thorough well reasoned opinion from this Court and well researched briefs by both appellate counsel. The brief filed by post-conviction counsel is over seventy-five (75) pages long and raises seventeen (17) allegations of error, many of which are barred from consideration. Presenting the trial court with only those issues properly reviewable on post-conviction could have been done within the stated time limit. Accordingly, we find the trial court did not abuse its discretion in denying the motion for an extension of time.[4]

Further, we find Petitioner's pleading of personnel shortages and heavy caseloads totally inappropriate. While we recognize the Appellate Indigent Defender does not have the luxury of selecting the type and number of cases which come before it, this Court is not a forum to resolve inter-office shortcomings. The only factor listed by Petitioner that has any bearing is that of the complex nature of capital appeals. However, the nature of the capital appeal was taken into account when the statutory time limits were promulgated by the Legislature.

In his seventeenth and final proposition of error, Petitioner alleges the trial court erred failing to hold an evidentiary hearing on his request for post-conviction relief. The issues raised in Petitioner's application for post-conviction relief did not require the taking of evidence by the trial court. We therefore find the trial court properly denied Petitioner's request for an evidentiary hearing. *Johnson v. State,* 823 P.2d at 373; *Banks v. State,* 810 P.2d at 1297.

Having carefully examined Petitioner's application and the District Court's findings of fact and conclusions of law, we find that Petitioner is not entitled to relief and the order of the District Court should be, and is hereby **AFFIRMED.**

**IT IS SO ORDERED.**

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Vice–Presiding Judge

/s/James F. Lane
JAMES F. LANE,
Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR,
Judge

---

**4.** We commend the Honorable Neal Beekman for the procedures utilized in this case and his adherence to the scope of the Oklahoma Post–Conviction Procedure Act.