William Clifford BRYSON,
Jr., Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. PC–95–436.

Court of Criminal Appeals of Oklahoma.

Sept. 22, 1995.

Don J. Gutteridge, Kerr, Irvine, Rhodes & Ables, Oklahoma City, for Petitioner.

W.A. Drew Edmondson, Attorney General, A. Diane Blalock, Assistant Attorney General, Oklahoma City, for Respondent.

## OPINION AFFIRMING DENIAL OF POST–CONVICTION RELIEF

LUMPKIN, Judge:

Petitioner William Clifford Bryson, Jr. has appealed to this Court from an order of the District Court of Oklahoma County denying his application for post-conviction relief in Case No. CRF–88–4781. Petitioner's first degree murder conviction and death sentence were affirmed by this Court in *Bryson v. State,* 876 P.2d 240 (Okl.Cr.1994). The United States Supreme Court subsequently denied a Petition for Certiorari. *See Bryson v. Oklahoma,* —— U.S. ——, 115 S.Ct. 752, 130 L.Ed.2d 651 (1995). Petitioner's subsequent Application for Post–Conviction relief was filed in the District Court of Oklahoma County on March 7, 1995 and subsequently de-

nied by the court on April 5, 1995. The trial court found no issues of fact to warrant an evidentiary hearing. It is this denial which the Petitioner appeals.

Petitioner raises eight (8) allegations of error in his application. Based upon the entire record in this case, we find it unnecessary to address every allegation of error. Allegations concerning issues which were raised on direct appeal are barred from reconsideration by *res judicata*. Issues which could have been raised on direct appeal, but were not, are waived. *Smith v. State*, 826 P.2d 615, 616 (Okl.Cr.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 405, 121 L.Ed.2d 331 (1992); *Johnson v. State*, 823 P.2d 370 (Okl. Cr.1991), *cert. denied,* 504 U.S. 926, 112 S.Ct. 1984, 118 L.Ed.2d 582 (1992); 22 O.S.1991, § 1086. An exception to these rules exists when the court finds a ground for relief asserted which "for sufficient reason was not asserted or was raised inadequately in the prior application for post-conviction relief" or "when an intervening change in constitutional law impacts the judgment or sentence." 22 O.S.1991, § 1086; *Rojem v. State*, 829 P.2d 683, 684 (Okl.Cr.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 420, 121 L.Ed.2d 343 (1992). Only two of Petitioner's propositions of error survive for this Court's review.

█ Four of Petitioner's propositions, Nos. 2, 4, 6, and 7, are barred by *res judicata*. In Petitioner's Proposition Number 2, he contends he failed to receive effective assistance of trial counsel. Petitioner's application alleges instances of ineffective assistance which are reviewable based upon the record before this Court. We approach this issue mindful of the holding in *Brecheen v. Reynolds*, 41 F.3d 1343, 1363–64 (10th Cir.1994), which questions the adequacy of this Court's procedure regarding its treatment of allegations of ineffective assistance of counsel on direct appeal and on post-conviction review. The Tenth Circuit Court of Appeals has concluded the failure to raise ineffective assistance of counsel on direct appeal will not preclude federal review of the claim. *Id.* at 1364; *Brewer v. Reynolds*, 51 F.3d 1519, 1522 (10th Cir.1995). However, *Brecheen* pertains to those allegations of ineffective

assistance which were not raised on direct appeal and are unsubstantiated by the appellate record, necessitating an evidentiary hearing to establish the factual basis of the matter. In the case before us, Petitioner's claims were thoroughly examined in his direct appeal and concern matters which are contained in the record before the Court. *Bryson*, 876 P.2d at 263–65. Consequently, an evidentiary hearing is not required to resolve the matter. The opinion on Petitioner's direct appeal thoroughly adjudicated the issues presented. As such, this issue is barred by *res judicata*.

█ Petitioner complains in Proposition Number 4 that he was unable to fully develop facts relating to his lack of competency at trial. Again, this issue was adjudicated in the direct appeal. *Id.* at 249–50. Proposition Number 6 attacks Oklahoma's death penalty scheme as arbitrary and capricious, an issue that was addressed in his direct appeal. *Id.* at 263. In Proposition Number 7, Petitioner claims the trial court's failure to sever his trial from that of his co-defendant prevented him from fully presenting mitigating evidence on his behalf. The severance issue was fully addressed in Petitioner's direct appeal, as was the fact that he presented mitigating evidence. *Id.* at 248–49, 266. These four propositions of error are barred by *res judicata*. *See Thomas v. State*, 888 P.2d 522, 525 (Okl.Cr.1995); *Castro v. State*, 880 P.2d 387, 388 (Okl.Cr.1994).

█ By failing to raise the following issues in his direct appeal, Petitioner has waived them for purposes of post-conviction review. In Proposition Number 3, Petitioner makes a *Batson*[1] claim regarding the allegedly improper removal of black jurors, a complaint he failed to raise on direct appeal. The trial court found Petitioner provided no good reason for failing to raise the issue, and found Petitioner waived his claim. Petitioner's Proposition Number 5 contends, without authority, that he should have been given the opportunity to present evidence that capital juries are confused by certain instructions given to them. Again, the trial court found Petitioner gave no good reason for failing to

---

1. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

raise the issue on his direct appeal, and found the issue waived. In *Jones v. State,* 704 P.2d 1138, 1140 (Okl.Cr.1985) the Court stated:

> [I]f an issue is bypassed on direct appeal, it may not be asserted on application for post-conviction relief. To hold otherwise 'would tend to erode the limitation cited above [section 1080], and undermine the efficacy of the statutory direct appeal.'

Petitioner has waived these two propositions of error for purposes of post-conviction review. We now turn to the two remaining issues properly preserved for our review.

Petitioner's first proposition of error asserts that the Post–Conviction Procedure Act bars consideration of certain matters only on subsequent applications for post-conviction relief, not initial applications. 22 O.S.1991, §§ 1080, 1086. He contends that the trial court erroneously determined that his allegations of error were barred by *res judicata* and waiver. Petitioner claims that the Court's prior decisions applying *res judicata* and waiver to issues raised on post-conviction are inconsistent with the plain language of the Act, and justify remand to the trial court for further proceedings.

■ It is well settled that an appeal under the Post–Conviction Procedure Act, 22 O.S. 1991, § 1080, et seq., "is not an opportunity to raise novel issues, resubmit issues already determined in the original appeal, or to raise issues which could have been raised on direct appeal, but were not." *Mann v. State,* 856 P.2d 992, 993 (Okl.Cr.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1869, 128 L.Ed.2d 490 (1994). This Court has repeatedly applied the procedural bars of *res judicata* and waiver to issues raised in appeals of a trial court's denial of a petitioner's first application for post-conviction relief. *Thomas,* 888 P.2d at 525; *Castro,* 880 P.2d at 388; *Ross v. State,* 872 P.2d 940, 941 (Okl.Cr.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 441, 130 L.Ed.2d 352 (1994); *Mann,* 856 P.2d at 993; *Rojem,* 829 P.2d at 684; *Smith,* 826 P.2d at 616. Petitioner's proposition of error is without merit.

■ In his eighth proposition of error, Petitioner contests the sufficiency of the trial court's Post Conviction Findings. He contends the trial court failed to adequately set out findings of fact and conclusions of law as required by 22 O.S.1991, § 1083(c), which mandates "[a]n order disposing of an application without a hearing shall state the court's findings and conclusions regarding the issues presented." In *Boggs v. State,* 551 P.2d 1166, 1167 (Okl.Cr.1976), the Court stated:

> While the trial court may make summary disposition on the [post-conviction relief] application when it appears from the response and record presented that there is no material issue of fact and judgment should be entered as a matter of law, an order disposing of an application without a hearing must state the court's findings and conclusions regarding the issues presented.

The trial court's findings of fact enumerated Petitioner's claims for relief and his request for an evidentiary hearing. In the conclusions of law section, the trial court stated "[e]xcept for three issues, Petitioner raises issues in this Application identical to the issues raised in his direct appeal to the Court of Criminal Appeals. All issues previously raised and addressed by the Court of Criminal Appeals are barred." (O.R. 242–244). The trial court listed the substance of the three issues not raised on direct appeal and concluded:

> all claims not previously raised by Petitioner on direct appeal, could have been raised on direct appeal, and Petitioner provides no good reason for his failure to do so. Said claims are now waived. 22 O.S.1991, § 1086. There is no issue of fact to warrant an evidentiary hearing. 22 O.S.1991, § 1084.

(O.R. 242–244). A review of the trial court's findings and the entire record reveals that Petitioner's allegations of error were all procedurally barred. Nowhere in Petitioner's Application for Post–Conviction Relief does he set forth reasons for failing to raise the waived issues in the direct appeal. The trial court properly distinguished with citations of authority which allegations were barred by *res judicata,* and which were barred by Petitioner's waiver. Because of this procedural bar and lack of factual issues, the summary

nature of the trial court's Post Conviction Findings is acceptable and did not prejudice Petitioner's rights. Therefore, the order of the trial court denying post-conviction relief is hereby AFFIRMED.

JOHNSON, P.J., CHAPEL, V.P.J., and LANE and STRUBHAR, JJ., concur.