**Kenneth Wayne PAXTON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. PC–95–473.**

Court of Criminal Appeals of Oklahoma.

Jan. 12, 1996.

See also, 867 P.2d 1309.

Vicki Ruth Adams Werneke, Kristi Christopher, Oklahoma Indigent Defense System, Norman, for Petitioner.

W.A. Drew Edmondson, Attorney General, A. Diane Blalock, Assistant Attorney General, Oklahoma City, for Respondent.

## OPINION AFFIRMING DENIAL OF POST–CONVICTION RELIEF

LUMPKIN, Judge:

Petitioner Kenneth Wayne Paxton has appealed to this Court from an order of the District Court of Oklahoma County denying his application for post-conviction relief in Case No. CRF 89–765. Petitioner's first degree murder conviction and death sentence were affirmed by this Court in *Paxton v.* *State*, 867 P.2d 1309 (Okl.Cr.1993). A petition for rehearing was denied by this Court in January 1994 and a petition for certiorari was subsequently denied by the United States Supreme Court. *Paxton v. Oklahoma*, —— U.S. ——, 115 S.Ct. 227, 130 L.Ed.2d 153 (1994). Petitioner's application for post-conviction relief was filed in the District Court of Oklahoma County and subsequently denied by the court on May 4, 1995. It is this denial which the Petitioner appeals.

 Petitioner is now asking this Court to review the validity of his conviction and sentence for the third time. This Court's consideration of Petitioner's claims is strictly limited by the provisions of the Post–Conviction Procedure Act. 22 O.S.1991, § 1080 *et seq.*[1]. The application of the act is limited to only those claims which, for whatever reason, could not have been raised on direct appeal. *Jones v. State*, 704 P.2d 1138, 1140 (Okl.Cr. 1985). Issues which were raised and decided on direct appeal are barred from further consideration by *res judicata*. *Castro v. State*, 814 P.2d 158, 159 (Okl.Cr.1991), *cert. denied*, 502 U.S. 1063, 112 S.Ct. 947, 117 L.Ed.2d 116 (1992); *Coleman v. State*, 693 P.2d 4 (Okl.Cr.1984); 22 O.S.1991, § 1086. Issues which were not raised on direct appeal, but could have been raised are waived. *Rojem v. State*, 829 P.2d 683, 684 (Okl.Cr.), *cert. denied*, 506 U.S. 958, 113 S.Ct. 420, 121 L.Ed.2d 343 (1992); *Smith v. State*, 546 P.2d 1351, 1352 (Okl.Cr.1976); 22 O.S.1991, § 1086. An exception to these rules exists when the court finds a ground for relief asserted which "for sufficient reason was not asserted or was raised inadequately in the prior application for post-conviction relief or when an intervening change in constitutional law impacts the judgment and sentence." *Bryson v. State*, 903 P.2d 333, 334 (Okl.Cr. 1995); *Rojem*, 829 P.2d at 684; 22 O.S.1991, § 1086.

 Proposition Nos. I, IX, and XI, are the only propositions which contain issues

---

1. Post-conviction relief in capital cases is governed by 22 O.S.Supp.1995, § 1089. Subsection D provides that all matters not specifically addressed by the provisions of section 1089 are subject to the provisions of the Post–Conviction Procedure Act, 22 O.S.1991, § 1080 *et seq.* Petitioner's direct appeal and post-conviction application were filed prior to the enactment and effective date of the current post-conviction statutes and therefore arguments regarding consideration of his direct appeal must be reviewed in that context.

which were not raised, and could not have been raised, on direct appeal. Proposition Nos. II and VI were raised on direct appeal and are therefore barred by *res judicata.*[2] Proposition Nos. III, IV, V, VII, VIII and X are issues which could have been raised on direct appeal but were not and are therefore waived.[3]

In his first proposition of error, Petitioner argues he was denied effective assistance of appellate counsel. He asserts that any claim raised on post-conviction and found to have been waived by appellate counsel's failure to raise the issue on direct appeal is indicative of ineffective assistance of appellate counsel.

■■■ In analyzing claims of ineffective appellate counsel this Court is guided by the Supreme Court's decision in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Hooks v. State,* 902 P.2d 1120 (Okl.Cr.1995); *Castro v. State,* 880 P.2d 387, 388–9 (Okl.Cr.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1375, 131 L.Ed.2d 229 (1995). *See also Cartwright v. State,* 708 P.2d 592, 594 (Okl.Cr.1985), *cert. denied,* 474 U.S. 1073, 106 S.Ct. 837, 88 L.Ed.2d 808 (1986). The basic test for ineffectiveness of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686, 104 S.Ct. at 2064. The appellant bears the burden of showing both that counsel's performance was deficient and that such deficient performance prejudiced the defense. *Id.* at 687, 104 S.Ct. at

2064. When a claim of ineffectiveness of counsel can be disposed of on the grounds of lack of prejudice, that course should be followed. *Id.* at 696, 104 S.Ct. at 2070, 80 L.Ed.2d at 699. To meet both the deficient performance and prejudice prongs, Petitioner must establish that his appellate counsel failed to raise issues warranting reversal, modification of sentence or remand for resentencing. *Hooks,* 902 P.2d at 1124; *Mann v. State,* 856 P.2d 992, 994 (Okl.Cr.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1869, 128 L.Ed.2d 490 (1994).

■■■ We have examined each claim of ineffectiveness alleged, individually and in the aggregate, and conclude that none warrant relief. Petitioner was represented in the direct appeal by the Appellate Public Defender's Office, predecessor to the Oklahoma Indigent Defense System. Appellate counsel presented this Court with a thorough, well-researched brief raising relevant, well-reasoned issues. The fact the original appellate counsel did not raise every issue now raised by post-conviction counsel, the Oklahoma Indigent Defender, is not evidence of ineffectiveness. It is the role of appellate counsel to carefully select and develop the legal issues to be presented to the court and not raise every non-frivolous issue conceivable.[4] An appellate brief meets Sixth Amendment requirements if it presents relevant issues which are supported by facts and authority sufficient to enable this Court to consider them. *Nguyen v. State,* 844 P.2d 176, 179 (Okl.Cr.1992), *cert. denied,* —— U.S.

---

**2.** In Proposition II Petitioner asserts he was denied effective assistance of trial counsel. Proposition VI challenges the jury instruction on flight. Since Petitioner's direct appeal, the application of the flight instruction has been limited. *See Mitchell v. State,* 876 P.2d 682 (Okl.Cr.1993). However, in *Rivers v. State,* 889 P.2d 288 (Okl. Cr.1994) this Court held that *Mitchell* does not apply retroactively.

**3.** In Proposition III Petitioner attacks a 1965 manslaughter conviction used by the State as evidence in aggravation during the sentencing stage of trial. In Proposition IV Petitioner asserts the presence of a sheriff's deputy behind the witness stand at trial violated his presumption of innocence. In Proposition V Petitioner claims the trial court abused its discretion in failing to remove a juror who allegedly slept during the

trial. Proposition VII asserts trial court error in failing to give the defendant's requested jury instruction defining a death sentence, life sentence and a sentence of life without parole. Proposition VIII attacks Oklahoma's death penalty statutes and procedures. In Proposition X Petitioner argues that cumulative error raised on direct appeal warrants a new trial.

**4.** If counsel honestly finds a factual basis for an allegation of ineffective counsel within the attorney's own office, that information should be reported to the proper administrative oversight authority for appropriate action. If the facts are such the Rules of Professional Conduct are applicable, Rule 8.3 requires a licensed attorney to report that conduct to the Oklahoma Bar Association. See 5 O.S.1991, Ch. 1, App. 3–A. *See Castro,* 880 P.2d at 390 n. 3.

——, 113 S.Ct. 3006, 125 L.Ed.2d 697 (1993). Finding none of the allegations raised herein warrant reversal, modification, or resentencing, we find no evidence of ineffective assistance of appellate counsel.

In Proposition IX Petitioner asserts he was denied his constitutional right to access to the courts and effective assistance of counsel by the denial of confidential contact visits with defense counsel and defense experts. Petitioner argues the trial court erred in refusing to hold his post-conviction claims in abeyance pending the resolution of *Mann v. Reynolds,* 828 F.Supp. 894 (W.D.Okla. 1993).[5] This Court has consistently rejected *Mann* claims, finding them a collateral issue not properly brought under the purview of post-conviction. *Berget v. State,* 907 P.2d 1078 (Okl.Cr.1995); *Clayton v. State,* 892 P.2d 646, 651 (Okl.Cr.), *cert. denied,* —— U.S. ——, 116 S.Ct. 137, 133 L.Ed.2d 84 (1995); *Moore v. State,* 889 P.2d 1253, 1256 (Okl.Cr. 1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 215, 133 L.Ed.2d 146 (1995); *Nguyen v. State,* 879 P.2d at 149.

Petitioner's unsubstantiated assertions that counsel "will not know with any degree of certainty what factual or legal issues may have been missed or not fully developed until there is sufficient opportunity to meet [with Mr. Paxton] under constitutional conditions" does not persuade us to deviate from our prior holdings.

In his eleventh proposition of error, Petitioner alleges the trial court erred in failing to hold an evidentiary hearing on his request for post-conviction relief. The issues raised in Petitioner's application for post-conviction relief did not require the taking of evidence by the trial court. We therefore find the trial court properly denied Petitioner's request for an evidentiary hearing. *Johnson v. State,* 823 P.2d 370, 373–74 (Okl. Cr.1991), *cert. denied,* 504 U.S. 926, 112 S.Ct. 1984, 118 L.Ed.2d 582 (1992).

Having carefully examined Petitioner's application and the District Court's findings of fact and conclusions of law, we find that Petitioner is not entitled to relief and the order of the District Court should be, and is hereby AFFIRMED.

JOHNSON, P.J., and LANE and STRUBHAR, JJ., concur.

CHAPEL, V.P.J., concurs in result.

CHAPEL, Vice Presiding Judge, concurring in result:

Footnote four of this opinion suggests that a lawyer alleging ineffective assistance of counsel should also report the alleged ineffectiveness to the Oklahoma Bar Association as a violation of the Rules of Professional Conduct. I write separately to emphasize that a lawyer may be ineffective in a particular case without violating the Rules of Professional Conduct. Because ineffectiveness and professional misconduct are often mutually exclusive, in many cases ineffectiveness can be alleged without any obligation to report the ineffectiveness to a supervising authority. Only when ineffective representation and professional misconduct overlap is such a requirement necessary.

5. Petitioner was a plaintiff in this class action civil rights suit alleging that unconstitutional attorney-client visiting conditions on Oklahoma's death row facility precluded inmates access to the courts and to constitutionally mandated effective assistance of counsel. Limited relief was granted to the plaintiffs by the United States District Court for the Western District. This decision was affirmed in part and reversed in part by the Tenth Circuit Court of Appeals in *Mann v. Reynolds,* 46 F.3d 1055 (10th Cir.1995).