Brian SPEARS, Petitioner,

v.

STATE of Oklahoma, Respondent.

No. PC–96–800.

Court of Criminal Appeals of Oklahoma.

Sept. 12, 1996.

James W. Berry, Kerr, Irvine, Rhodes & Ables, Oklahoma City, for Petitioner.

## OPINION DENYING POST-CONVICTION RELIEF

STRUBHAR, Judge:

Brian Spears, Petitioner, was tried by jury in the District Court of Garvin County, Case No. CRF–90–191, before the Honorable J. Kenneth Love, District Judge.[1] Spears was convicted of Murder in the first degree (21 O.S.Supp.1989, § 701.7) for the death of Jimmy Dewayne Thompson.[2] The jury found two (2) aggravating circumstances[3] and recommended death. The trial court sentenced Spears accordingly. Spears' Judgment and Sentence was affirmed by this Court in

1. Spears was tried jointly with Dudley Allen Powell.

2. For a recitation of the facts, *see Spears v. State*, 900 P.2d 431, 436 (Okl.Cr.1995).

3. [1] the murder was especially heinous, atrocious, or cruel; and [2] the murder was committed for the purpose of avoiding or preventing a lawful arrest or prosecution. *See* 21 O.S.1981, §§ 701.12(4) and (5).

4. Proposition II: The accused was denied his constitutional and statutory rights to effective assistance of counsel, both during the first and second stage of trial. *See Spears*, 900 P.2d at 444–47 (concluding that trial counsel's performance was not deficient). We note that Spears' application for post-conviction relief alleges

*Spears v. State*, 900 P.2d 431 (Okl.Cr.1995). No Petition for Rehearing was filed. The United States Supreme Court denied Spears' petition for a writ of certiorari on December 11, 1995. *Spears v. Oklahoma*, — U.S. —, 116 S.Ct. 678, 133 L.Ed.2d 527 (1995). On July 1, 1996, Spears filed an original application for post-conviction relief in this Court. We deny Spears' original application for post-conviction relief.

## ISSUES BARRED BY RES JUDICATA OR WAIVED

Spears raises six propositions in his original post-conviction application. Consideration of Spears' claims by this Court is strictly limited by the provisions of the Post–Conviction Procedure Act. 22 O.S.Supp. 1995, § 1089(D)(4). Post-conviction review is limited to only those claims which, for whatever reason, could not have been raised on direct appeal and support the conclusion that either the outcome of the trial would have been different but for the errors or that the defendant is factually innocent. 22 O.S.Supp. 1995, § 1089(C)(1) & (2). As under the former Post–Conviction Act, issues which were raised and decided on direct appeal are barred from further consideration by *res judicata* and issues which were not raised on direct appeal, but could have been raised, are waived. *Id. See also Paxton v. State*, 910 P.2d 1059, 1061 (Okl.Cr.1996).

■ This Court on direct appeal thoroughly considered and rejected the claims alleged in propositions two[4] and

three instances of trial counsel ineffectiveness which he did not directly raise and this Court did not explicitly consider when analyzing trial counsel's effectiveness on direct appeal. Spears actually raises two complaints: trial counsel was ineffective because he failed to object to the State's improper death-qualifying questions during voir dire and counsel failed to ask for a mental health examination. Pursuant to 22 O.S.Supp.1995, § 1089(D)(4)(b)(1), Spears' current claims of ineffective assistance of trial counsel are waived as they are claims which do not require factfinding outside the direct appeal record.

We further note this interpretation is consistent with our prior case law interpreting the former Post–Conviction Act. *See Hooks v. State*, 902 P.2d 1120, 1122 n. 4 (Okl.Cr.1995), *cert.*

four[5] of Spears' application. Thus, these claims are barred by *res judicata.* The claims raised in propositions one,[6] five [7] and six [8] are waived because they could have ·been raised on direct appeal. Accordingly, these issues will not be considered further by this Court.

### ISSUES TECHNICALLY WAIVED BUT ULTIMATELY PRESERVED UNDER THE RUBRIC OF INEFFECTIVE ASSISTANCE OF COUNSEL

In his third proposition of error, Spears alleges his direct appeal attorney was ineffective. First, Spears claims appellate counsel was ineffective because he failed to raise the claim that the prosecutor asked improper death-qualifying questions during voir dire. Second, he contends appellate counsel was ineffective because appellate counsel failed to raise that trial counsel was ineffective for failing to object to the prosecutor's improper voir dire questions. Lastly, Spears contends appellate counsel was ineffective because appellate counsel failed to raise that trial counsel was ineffective in failing to ask for a mental health expert to defend against the State's allegation that Spears was a continuing threat to society.

Pursuant to 22 O.S.Supp.1995, § 1089(D)(4)(b)(2), this Court must determine if this claim of ineffective assistance of appellate counsel can be reviewed on the merits. This Court will not review a claim of ineffective assistance of appellate counsel on the merits unless:

it is a claim contained in an original timely application for post-conviction relief relating to ineffective assistance of appellate counsel and the Court of Criminal appeals first finds that if the allegations in the application were true, the performance of appellate counsel constitutes the denial of reasonably competent assistance of appellate counsel under prevailing professional norms.... 22 O.S.Supp.1995, § 1089(D)(4)(b)(2).

▆▆▆ To determine if the performance of appellate counsel constituted the denial of reasonably competent assistance of appellate counsel under prevailing professional norms, this Court reviews the record to determine if appellate counsel's performance was deficient and whether the deficient performance prejudiced the petitioner.[9] *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In assessing appellate counsel's performance, this Court indulges in a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* at 689, 104 S.Ct. at 2065. Further, we assess counsel's legal performance as ‚of the time it was undertaken and in light of the particular case. *Id.* at 690, 104 S.Ct. at 2066. To establish prejudice, a petitioner must show a reasonable probability that, but for appellate counsel's errors, the result of his appeal would have been different. "A reasonable probability is a probability sufficient to un-

---

*denied,* —— U.S. ——, 116 S.Ct. 1440, 134 L.Ed.2d 561 (1996) (holding when trial counsel's ineffectiveness was brought to this Court's attention on direct appeal, all instances of trial counsel ineffectiveness, which could have been raised but were not, are barred by *res judicata* ). *See also Berget v. State,* 907 P.2d 1078, 1084 (Okl.Cr. 1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 2505, 135 L.Ed.2d 195 (1996) (distinguishing *U.S. v. Galloway,* 56 F.3d 1239 (10th Cir.1995) and holding the required method for challenging effectiveness of trial counsel in state convictions is on direct appeal or claim is waived).

5. Proposition IV: The verdict of Murder in the first degree was not substantiated by the evidence. *See Spears,* 900 P.2d at 438–440 (concluding that the evidence was sufficient to support Spears' First Degree Murder conviction under either a malice murder or felony murder theory).

6. Proposition I: Mr. Spears was denied his constitutional and statutory rights when his rights were violated by the State through its Assistant District Attorney during voir dire examination.

7. Proposition V: The trial court should have submitted two (2) separate verdict forms, one for Murder in the First Degree with malice aforethought and one for First Degree Felony Murder.

8. Proposition VI: Petitioner was entitled to have a mental health expert.

9. This Court reviews claims of ineffective assistance of appellate counsel using the *Strickland v. Washington* standard. *Sellers v. State,* 889 P.2d 895, 898 (Okl.Cr.), *cert. denied,* —— U.S. ——, 116 S.Ct. 214, 133 L.Ed.2d 146 (1995).

dermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068.

Spears first claims appellate counsel was ineffective because he failed to raise the claim that the prosecutor asked improper death-qualifying questions during voir dire. Spears claims asking prospective jurors how they would vote in a referendum election to abolish the death penalty is improper. He also claims it is error to inquire whether the prospective jurors could impose the death penalty when the accused is eighteen (18), nineteen (19) or twenty (20) years old. If the prosecutor's death-qualifying questions were proper, appellate counsel's failure to attack those questions on direct appeal cannot constitute ineffective assistance. Likewise, if the questions were proper, appellate counsel's failure to attack trial counsel's failure to object to those questions cannot constitute ineffective assistance.

The purpose of voir dire is to uncover actual and implied bias of prospective jurors which enables counsel to intelligently exercise peremptory challenges. *Mitchell v. State,* 884 P.2d 1186, 1195 (Okl.Cr.1994), *cert. denied,* —— U.S. ——, 116 S.Ct. 95, 133 L.Ed.2d 50 (1995). Both counsel for the prosecution and the defense have a duty to discover facts affecting juror qualifications. *Mitchell,* 884 P.2d at 1195. Counsel must be permitted to ask questions sufficient to identify jurors who would automatically convict, give the death penalty, acquit or impose a life sentence. *Id.* The questions of which Spears complains were asked to identify those prospective jurors who could not follow the court's instructions and fully consider the three punishment options which included the death penalty. Thus, even if Spears' allegation is true that appellate counsel failed to raise the claim that the prosecution asked improper death-qualifying questions during voir dire and that trial counsel should have objected to those questions, we do not reach the merits of these claims because such failure could not constitute the denial of reasonably competent assistance under prevailing professional norms. 22 O.S.Supp.1995, § 1089(D)(4)(b)(2).

Lastly, Spears claims appellate counsel was ineffective because appellate counsel failed to raise that trial counsel was ineffective in failing to ask for a mental health expert to defend against the State's allegation that Spears was a continuing threat to society. This Court cannot review the merits of Spears' claim because even if appellate counsel's failure to raise this claim constitutes deficient performance, Spears cannot show prejudice since the jury, without the testimony of a mental health expert, found Spears was not a continuing threat to society.

In conclusion, we do not reach the merits of Spears' ineffective assistance of appellate counsel claim as his claim does not satisfy our threshold inquiry, i.e., we have not found that, were Spears' allegations true, the performance of appellate counsel would constitute the denial of reasonably competent assistance of appellate counsel under prevailing norms. 22 O.S.Supp.1995, § 1089(D)(4)(b)(2). Finding Spears is not entitled to relief, we deny Spears' original application for post-conviction relief.

JOHNSON, P.J., CHAPEL, V.P.J., and LUMPKIN and LANE, JJ., concur.