**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 28 1997**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

GERALD PAYNE,

      Petitioner - Appellant,

v.

DENISE SPEARS; THE ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents - Appellees.

No. 96-6221

W.D. Oklahoma

(D.C. No. CIV-96-139)

### ORDER AND JUDGMENT*

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9.  This cause is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Gerald Payne appeals the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and requests a certificate of appealability.[1]  Mr. Payne is currently serving a forty-year sentence in the Oklahoma State Correctional Facility at Atoka following his conviction for conspiracy to manufacture a controlled dangerous substance.  He appealed his conviction to the Oklahoma Criminal Court of Appeals, alleging three grounds of error in his jury trial.  The Oklahoma Court of Criminal Appeals affirmed his conviction.

Mr. Payne then brought this section 2254 action in the district court, alleging the same three trial errors he raised in the Oklahoma court,[2] as well as a claim for ineffective assistance of counsel.  Since the ineffective assistance claim had admittedly not been raised in the Oklahoma courts, the magistrate judge determined the petition must be dismissed because it contained an unexhausted claim along with the exhausted claims.  See Rose v. Lundy, 455 U.S. 509, 510, 522 (1982) (holding district court must dismiss mixed petitions, i.e., those containing any claims that have not been exhausted in the state

---

[1]Mr. Payne filed with this court a "petition for certificate of probable cause." However, because his habeas action was pending on the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (April 24, 1996), we construe his petition as an application for a certificate of appealability.  See 28 U.S.C. § 2253(c); Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), cert. denied, 117 S. Ct. 746 (1997).

[2]Mr. Payne alleged in state court, and alleges in his habeas petition that:  (1) because the verdicts were ambiguous and uncertain the trial court invaded the province of the jury by ignoring the jury's verdict on a misdemeanor count and sentencing him on the felony count; (2) the trial court erred by permitting the state to materially amend the information during trial; and (3) discovery abuses denied him a fundamentally fair trial.

courts). The district court adopted the magistrate judge's recommendation, dismissed Mr. Payne's petition without prejudice, and subsequently denied him a certificate of appealability.

In his appellate brief, Mr. Payne concedes that he never raised his claim of ineffective assistance of counsel with any Oklahoma court, and has therefore failed to exhaust his state-court remedies on that issue. Instead, he argues that pursuing state-court remedies on an ineffective assistance of counsel claim in Oklahoma is futile because he failed to raise that issue on direct appeal, and the Oklahoma courts will not allow him to raise it in a post-conviction proceeding. See 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . or circumstances exist that render such process ineffective to protect the rights of the applicant." ).

We are unpersuaded by this argument. As the magistrate judge noted, while Oklahoma generally bars collateral review of ineffective assistance claims not raised on direct appeal,[3] there are exceptions to this rule. Thus, we cannot say that Mr. Payne is unable to raise his ineffective assistance of counsel claim in an Oklahoma post-conviction

---

[3]This court has specifically refused to enforce a procedural bar based on Oklahoma's rule that ineffective assistance of counsel claims must be raised on direct appeal or will be deemed waived. See Brecheen v. Reynolds, 41 F.3d 1343, 1364 (10th Cir. 1994).

proceeding.  See Paxton v. State, 910 P.2d 1059, 1061 (Okla. Crim. App. 1996) (noting exceptions to rule that ineffective assistance claims not raised on direct appeal are waived); Pickens v. State, 910 P.2d 1063, 1069 (Okla. Crim. App. 1996) (stating that for ineffective assistance of counsel claims raised for the first time in post-conviction proceedings, the court will "review each case on its individual merits, examining each specific proposition in connection with the specific facts of each case as the need arises"). We agree with the district court that Mr. Payne must fully exhaust his Oklahoma post-conviction remedies before bringing his ineffective assistance of counsel claim under section 2254 in federal court.

Accordingly, Mr. Payne has failed to make "a substantial showing of the denial of a constitutional right," and therefore, we DENY his application for a certificate of appealability, see 28 U.S.C. § 2253(c)(2), and DISMISS the appeal.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge