**F I L E D**

UNITED STATES COURT OF APPEALS

**FEB 9 1998**

TENTH CIRCUIT

CHESTER LEE CLARK,

      Petitioner-Appellant,

v.

H.N. SCOTT; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents-Appellees.

No. 97-6184
(D.C. No. 97-CV-232)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **BRORBY**, **EBEL**, and **KELLY**, Circuit Judges.[**]

Petitioner Chester Lee Clark, appearing pro se, seeks to appeal from the

district court's denial of a writ of habeas corpus under 28 U.S.C. § 2254. The

district court denied a certificate of appealability. Because Mr. Clark has failed

to make a "substantial showing of the denial of a constitutional right," 28 U.S.C.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

§ 2253(c)(2), we likewise deny a certificate of appealability and dismiss the appeal.

In 1993 Mr. Clark was convicted of using a vehicle to facilitate the intentional discharge of a firearm, shooting with intent to kill, assault and battery with a dangerous weapon, and felonious possession of a firearm. The Oklahoma Court of Criminal Appeals affirmed his convictions. Mr. Clark does not challenge his convictions but requests that his sentences on counts II, III, and IV be run concurrently with his sentence on count I.

Sentencing issues are matters for state courts to determine by interpreting their own statutes, and ordinarily raise no constitutional claim cognizable in habeas. See Hill v. Page, 454 F.2d 679, 680 (10th Cir. 1971); see also Haynes v. Butler, 825 F.2d 921, 923-24 (5th Cir. 1987), cert. denied, 484 U.S. 1014 (1988). Nevertheless, because we construe petitioner's pro se brief liberally, see United States v. Hardwell, 88 F.3d 897, 897 (10th Cir. 1996), we address the issues Mr. Clark raises. He claims the trial court erred (1) in admitting evidence of other crimes by allowing testimony that Mr. Clark operated a drug house, (2) in merely sustaining an objection to, and admonishing the jury to disregard, a police officer's testimony that he did not believe petitioner was telling the truth, (3) in admitting photographs without proper foundation, (4) in not allowing defense counsel to impeach a witness with prior inconsistent statements, (5) in allowing

the prosecution to refer to the charged incident as a drive-by shooting, and (6) in splitting petitioner's two-count prior conviction to use as both a predicate felony for the weapon possession charge and as the basis for enhancing his sentence.

"State court rulings on the admissibility of evidence may not be questioned in federal habeas proceedings unless they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights." Brinlee v. Crisp, 608 F.2d 839, 850 (10th Cir. 1979), cert. denied, 444 U.S. 1047 (1980); see Martin v. Kaiser, 907 F.2d 931, 934 (10th Cir. 1990). None of Mr. Clark's evidentiary challenges, in the context of the proceedings as a whole, rises to the level of fundamental unfairness or calls into question constitutional due process.

With respect to Mr. Clark's sixth assignment of error, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366 (1983). We look to Oklahoma's interpretation of its own law in determining whether double jeopardy has been violated. See Mansfield v. Champion, 992 F.2d 1098, 1100 (10th Cir. 1993). In Mr. Clark's direct appeal the Oklahoma Court of Criminal Appeals ruled that Oklahoma law was not violated by using one count of his prior felony conviction as an element of the present count IV, and the other to enhance his punishment for counts I-III, where the sentence on count IV was not enhanced. See R. doc. 7, exh. A, at A3-4. We find no constitutional

error.

Mr. Clark alludes to violations of Okla. Stat. Ann. tit. 21, § 11(A) (West Supp. 1998) and the Double Jeopardy Clause with respect to his four-count conviction arising from what he describes as a single criminal event. Mr. Clark failed to raise this issue in his direct appeal. See R. doc. 7, exh. A. While Mr. Clark has failed to exhaust on this issue, it is clear that under Oklahoma law he has waived any claim of error which he could have raised on direct appeal but did not. See Okla. Stat. Ann. tit. 22, § 1086 (West 1986); Paxton v. State, 910 P.2d 1059, 1061 (Okla. Crim. App. 1996). We may therefore consider the issue. See Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991), Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997). This waiver results in a default pursuant to an independent and adequate state procedural rule. See Steele v. Young, 11 F.3d 1518, 1521 (10th Cir. 1993). Habeas review is thus prohibited in the absence of a showing of cause for the default and actual prejudice resulting from it, or a showing that a fundamental miscarriage of justice would result from the denial of relief. See Coleman, 501 U.S. at 750; Steele, 11 F.3d at 1521.

Mr. Clark does not suggest cause for or prejudice from his procedural default. Nor does he claim factual innocence; consequently no fundamental miscarriage of justice will result from the denial of relief. See Selsor v. Kaiser, 22 F.3d 1029, 1034 (10th Cir. 1994).

APPEAL DISMISSED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge