88 F.3d 897
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis Lee HARDWELL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellant,
v.
Dennis L. HARDWELL; Marcel A. Hardwell, Frederick D.
Bowens; Adam Stallings, aka Gene Walker,
Defendants-Appellees.
 Nos. 94-3376, 94-3378, 94-3390.
 United States Court of Appeals,
Tenth Circuit.
 July 10, 1996.
 
 Before EBEL, LOGAN and BRISCOE, Circuit Judges.
 ORDER ON PETITION FOR REHEARING
 BRISCOE, Circuit Judge.
 
 
 1
 Dennis Hardwell has filed a Petition for Rehearing and Suggestion for Rehearing En Banc, raising the following issues: (1) Prior crimes evidence was improperly admitted against him because the United States failed to show the specific purpose for admitting the evidence, as required by Fed.R.Evid. 404(b); (2) his money laundering conviction should be reversed for the same reasons that we reversed the money laundering conviction of Marcel Hardwell; and (3) there were nine errors identified by the panel and their cumulative effect cannot be excused as harmless error. We conclude only his argument regarding his money laundering conviction has merit. Hardwell's petition for rehearing is denied in part and granted in part; his request for rehearing en banc is denied.
 
 
 2
 Hardwell did not argue in either his opening appellate brief or in his reply brief that financial information obtained to qualify for appointment of counsel was erroneously offered and admitted against him to establish the money laundering charge. However, under the "related cases" section of his opening brief, Hardwell states: "Appellant request[s] adoption of Co-Appellants['] claims and arguments as to the extent they are applicable to his cause pursuant to Federal Rules of Appellate Procedure 28(J)(ii)." In his petition for rehearing, Hardwell points our attention to this statement. While this statement clearly does not pertain to other pending appeals, the statement is nonetheless made and made within a pro se brief, which we will read liberally. See United States v. Edwards, 69 F.3d 419, 427 (10th Cir.1995), cert. denied --- U.S. ----, 116 S.Ct. 2497, 135 L.Ed.2d 189 (1996).
 
 
 3
 The United States was directed to respond to the petition for rehearing and to specifically address whether Dennis Hardwell's money laundering conviction should be reversed for the same reasons that supported reversal of Marcel Hardwell's money laundering conviction. In its response, the United States states that, just as in the case of Marcel Hardwell, the financial affidavit and statements made by Dennis Hardwell to establish his indigency at his initial appearance were admitted at trial without objection. The United States concedes that if we address the issue, the rationale for reversing Marcel Hardwell's money laundering conviction is also applicable to Dennis Hardwell's money laundering conviction.
 
 
 4
 As with Marcel Hardwell, the admission of Dennis Hardwell's financial affidavit and other statements made to establish eligibility for appointed counsel violated his Fifth Amendment right against self incrimination and had a prejudicial impact on the jury's deliberations on the money laundering charge.
 
 
 5
 Dennis Hardwell's money laundering conviction is REVERSED and this matter is REMANDED to the district court with directions to vacate his sentence for that conviction. The remainder of his convictions are affirmed and the matter remanded as previously set forth in our opinion filed April 5, 1996.