**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

DENNIS L. HARDWELL,

  Defendant-Appellant.

No.  96-3393
(D.C. No. 93-CR-10071)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **BARRETT**, and **MURPHY**, Circuit Judges.

---

       After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered

submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

In this appeal, defendant-appellant Dennis L. Hardwell appeals from his resentencing following remand in an earlier decision of this court. See United States v. Hardwell, 80 F.3d 1471 (10th Cir. 1996). On appeal, Dennis asserts that, upon resentencing, the district court erred in including uncharged drug quantities as relevant conduct in its calculation of his recommended sentencing range. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I. BACKGROUND

The underlying facts of this case are set forth fully in Hardwell, 80 F.3d 1471, and, except as necessary for an understanding of our decision, we need not reiterate them here. In August 1993, Dennis Hardwell was the target of a reverse sting operation in which an undercover agent, posing as a drug courier from California, attempted to set up the sale of two kilos of cocaine to Dennis for $15,000 a kilo. The sale was arranged to take place in a certain hotel room in Wichita, Kansas, in which DEA agents had set up video surveillance. Codefendants Marcel Hardwell and Frederick Bowens met the undercover agent in the hotel room, apparently to negotiate the sale. After several hours, the undercover agent determined that the defendants were not going to be able to produce all of the $30,000 needed for the buy. She then decided to end the operation and gave an arrest signal to waiting agents who subsequently arrested the two men in the hotel room, as well as Dennis and four others in cars outside the hotel.

Dennis, and five codefendants were convicted by a jury of conspiracy to possess two kilograms of cocaine with intent to distribute. Dennis was also convicted of money laundering. Dennis was sentenced to 151 months' imprisonment. The sentencing court, reasoning that Dennis could not be sentenced for conduct for which he was neither charged nor convicted, declined to include certain quantities of cocaine to which he had been previously linked as relevant conduct for purposes of enhancing the sentence.

Dennis and three codefendants appealed their convictions for conspiracy to possess two kilograms of cocaine with intent to distribute. In addition, Dennis appealed his conviction for money laundering.[1] The government cross appealed, contending that the district court erred in excluding uncharged drug quantities from the base offense level. This court affirmed Dennis' conviction on the conspiracy to distribute charge, but remanded on the government's cross-appeal for further fact finding on the issue of whether the uncharged drug quantities should be considered relevant conduct for the purpose of calculating his base offense level.

Following a resentencing hearing, the district court determined that under the sentencing guidelines the four and one-half kilos of cocaine seized in two uncharged incidents should be considered relevant conduct for purposes of determining Dennis' relative base offense level. The sentencing court calculated a total offense level of 36

---

[1] This court subsequently reversed Dennis' money laundering conviction. See United States v. Hardwell, 88 F.3d 897, 898 (10th Cir. 1996).

and a criminal history category of I, resulting in a range of 188 to 235 months.  The court

then resentenced Dennis to 188 months of imprisonment.  Dennis appeals this decision.

## II.  DISCUSSION

"We review for clear error district court factual findings regarding drug quantities

and whether certain conduct is relevant conduct under the guidelines."  United States v.

Richards, 27 F.3d 465, 468 (10th Cir. 1994).  The government has the burden of proving

the quantity of drugs for sentencing by a preponderance of the evidence.  See id.  "The

information upon which the district court relies must contain sufficient indicia of

reliability."  United States v. Washington, 11 F.3d 1510, 1516 (10th Cir. 1993) (further

quotation omitted).

When determining a sentencing range, the sentencing guidelines require that

a sentencing court include as relevant conduct all acts that were part of the same course

of conduct or common scheme or plan as the offense of conviction, "regardless of

whether the defendant was convicted of the underlying offenses pertaining to the

additional amounts."  United States v. Roederer, 11 F.3d 973, 978-79 (10th Cir. 1993)

(further quotation omitted).  Whether acts are relevant conduct for a participant in

a conspiracy is determined by reference to "all acts and omissions committed, aided,

abetted, counseled, commanded, induced, procured, or willfully caused by the defendant;

and . . . all reasonably foreseeable acts and omissions of others in furtherance of the

jointly undertaken criminal activity."  U.S.S.G. §§ 1B1.3(a)(1)(A), 1B1.3(a)(1)(B).

The four and one-half kilos of cocaine determined to be relevant conduct for the purpose of calculating Dennis' base offense level were seized during two previous incidents. The first incident involved a traffic stop between Houston and Dallas, Texas, in January 1993, wherein the Texas police seized two and one-half kilos of cocaine from a van Dennis was driving. During the second incident in April 1993, DEA agents intercepted a drug courier from Arizona carrying two kilograms of cocaine who claimed he was delivering the cocaine to a person identified as James Kevin Hail. When Mr. Hail was arrested in Wichita attempting to take possession of the vehicle containing the cocaine, he agreed to cooperate with the DEA in a controlled delivery of the cocaine to Dennis, who Mr. Hail claimed he had sold cocaine to in the past. The delivery failed when, while recording a call from Mr. Hail to Dennis' home, the line was inadvertently left open after completion of the call, enabling a person or persons at Dennis' home to hear the DEA play back the recording.

The district court found that Dennis' involvement in the incident in Texas in January 1993, and in the failed controlled delivery in April 1993, could not be "sheer coincidence." R. Vol. II at 36. The court then concluded that in light of what it had read and heard, "there was, in fact, an organization that was at work and they were involved in trafficking, and that qualifies as relevant conduct." Id. at 36-37.

On appeal, Dennis argues that the sentencing court's inclusion of the additional drug amounts as relevant conduct was in error because the uncharged incidents were

not part of the same course of conduct or common plan or scheme. See U.S.S.G. § 1B1.3(a)(2) (a defendant's base offense level shall be calculated based on "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction"). The guidelines define offenses which qualify as part of a "common scheme or plan" as offenses which are "substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar **modus operandi**." Id. § 1B1.3, Application Note 9(A). The guidelines define offenses which are part of the "same course of conduct" as those "[o]ffenses that do not qualify as part of a common scheme or plan . . . [but] nonetheless qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." Id., Application Note 9(B). In order to ascertain whether offenses are "sufficiently connected," the court considers such factors as similarity, regularity, and temporal proximity. See Roederer, 11 F.3d at 979.

In ascertaining whether the incidents in question may be included as relevant conduct, the district court must make sufficient findings to establish that Dennis "'aided, abetted, counseled, commanded, induced, procured, or willfully caused' the offense in question, or that the acts or omissions were reasonably foreseeable acts or omissions of others in furtherance of a jointly undertaken criminal activity." United States v. Taylor, 97 F.3d 1360, 1363 (10th Cir. 1996) (citations omitted). Although the sentencing court

did not specifically relate Dennis' involvement in the two incidents, we determine that based on "the record as a whole and the inclusive nature of the guidelines," the court's findings were sufficient to support its relevant conduct decision. Id.

A finding of "'same course of conduct' does not require a *connection* between the acts in the form of an overall criminal scheme. Rather the guideline term contemplates that there be sufficient similarity and temporal proximity to reasonably suggest that repeated instances of criminal behavior constitute a pattern of criminal conduct." Id. at 1365 (quoting Roederer, 11 F.3d at 979) (further quotation omitted). Here, there is sufficient similarity and regularity between the traffic stop in Texas in January 1993, the attempted sale in April 1993, and reverse sting operation in August 1993, to reasonably suggest "an identifiable 'behavior pattern' of specified criminal activity," id. (quoting Roederer, 11 F.3d at 979) (further quotation omitted).

Therefore, we conclude that the district court's determination that these incidents constituted relevant conduct for purposes of calculating Dennis' sentence was correct. Accordingly, the judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge

-7-