**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### TENNTH CIRCUIT

**MAR 6 1998**

**PATRICK FISHER**
**Clerk**

MUSA RENE NANA,

      Petitioner-Appellant,

v.

JOSEPH R. GREENE, District
Director, United States Immigration
and Naturalization Service, Denver,
Colorado,

      Respondent-Appellee.

No. 97-1360
(D.C. No. 97-B-1137)
(District of Colorado)

MUSA RENE NANA,

      Plaintiff-Appellant,

v.

ARISTIDE, Warden, Arkansas Valley
Correctional Facility; D.O.C.
INMATE ACCOUNT HEAD;
MAXWELL, Chairman, Case
Managers, Arkansas Valley
Correctional Facility,

      Defendants-Appellees.

No. 97-1454
(D.C. No. 97-D-2110)
(District of Colorado)

### ORDER AND JUDGMENT [*]

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.

(continued...)

Before **BALDOCK** , **EBEL** and **MURPHY** , Circuit Judges.

Musa Rene Nana ("Nana") appeals the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition in appeal 97-1360. Nana also appeals the district court's dismissal without prejudice of his civil rights claims against officials at the Arkansas Valley Correctional Facility in Colorado in appeal 97-1454.[1] We dismiss both appeals. [2]

## BACKGROUND

Nana, a foreign national, lawfully became a permanent resident of the United States in 1985 through his marriage to a United States citizen. In July of 1987, Nana was arrested and charged with sexual assault on his step-daughter. After pleading guilty but before sentencing, Nana left the United States for Africa

---

[*](...continued)
The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] On March 2, 1998, Nana filed a "Request to Hold Case Progress in Abeyance" in appeal 97-1454, arguing that he had to leave the United States to deal with a family crisis in Africa and did not want to relinquish his right to pursue the lawsuit. Because we find Nana's appeal to be without merit and not in good faith (see discussion below), we see no reason to hold the case in abeyance. Therefore, we deny Nana's request.

[2] We consolidate these two related matters for procedural purposes only. We are issuing a single order and judgment in both appeals.

and failed to appear at his sentencing hearing. Nana returned to the United States in 1993 and was sentenced to a term of four years imprisonment in the Colorado Department of Corrections, which he served at the Arkansas Valley Correctional Facility (the "AVCF"). While serving his sentence, the Immigration and Naturalization Service (the "INS") charged Nana as an excludable alien. After a hearing in March of 1996, the INS found him to be excludable from the United States as an alien convicted of a crime involving moral turpitude. Upon his release from the AVCF in September of 1996, Nana was delivered to the INS for deportation. Nana remains in INS custody.

On December 20, 1996, the District Director of the INS, Joseph Greene, denied Nana's request for parole under 8 U.S.C. § 1182(d)(5)(A) (1996) on the grounds of Nana's excludable status upon reentry into the United States, his conviction for a serious felony, and his risk of flight. The District Director found that Nana demonstrated "no emergent reasons or serious medical conditions" to warrant a grant of parole and that he "failed to demonstrate that a grant of parole would be strictly in the public interest." Nana challenged the District Director's decision by filing a Petition for a Writ of Habeas Corpus in the United States District Court for the District of Colorado under 28 U.S.C. § 2241, arguing that medical reasons supported his release and that he would suffer irreparable injury if forced to remain in custody. On September 19, 1997, the district court issued

an order denying Nana's petition.  After a de novo review, the district court adopted the recommendations of Magistrate Judge Richard M. Borchers that the INS denied parole after an individualized review of Nana's case in compliance with the mandate set forth in    Marczak v. Greene  , 971 F.2d 510 (10th Cir. 1992). Nana now appeals the district court's order in appeal 97-1360.

On September 30, 1997, Nana filed a prisoner's civil rights complaint against Mr. Aristide as Warden of the AVCF, Major Burges as Inmate Account Director, and Mr. Maxwell as Inmate Case Manager Chairman.  Nana alleged that the named AVCF officials improperly withheld from him $250 in "walking money" normally given to prisoners upon their release.  On November 14, 1997, the district court dismissed Nana's claim without prejudice after Nana failed to cure deficiencies in the documents he filed to support his claim.  The district court subsequently denied Nana's motion to reconsider the dismissal.  Nana now appeals the district court's order in appeal 97-1454.

## DISCUSSION

Because Nana is proceeding pro se, we liberally construe his filings on appeal.   See United States v. Hardwell   , 88 F.3d 897, 897 (10th Cir. 1996). Nevertheless, an appellant's pro se status "does not excuse the obligation of any litigant to comply with the fundamental requirements" of appellate procedure. Ogden v. San Juan County   , 32 F.3d 452, 455 (10th Cir. 1994).

## I.  Habeas Petition (Appeal 97-1360)

8 U.S.C. § 1182(d)(5)(A) allows the Attorney General "in his discretion" to "parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit or for reasons deemed strictly in the public interest." Although Nana challenges the reasons supporting District Director Greene's denial of Nana's parole request, we "merely require the District Director to have articulated some individualized facially legitimate and bona fide reason for denying parole, and some factual basis for that decision in each individual case." Marczak, 971 F.2d at 518.  Because District Director Greene provided facially legitimate reasons for denying Nana's parole request supported by a factual basis, i.e. the undisputed fact that Nana had been convicted of a sexual crime and that Nana posed a risk of flight given his previous departure from the United States, the district court properly denied Nana's habeas petition.  Nana also argues on appeal that his release on parole would serve the public interest because he is a witness with material evidence in a pending judicial proceeding.  Because Nana did not raise this argument either before the district court or the Board of Immigration Appeals, we do not have jurisdiction to consider the issue on appeal. [3]

_____

[3] Nana argues that the INS is now informed of his status as a witness.  However, he does not claim nor is there any evidence in the record to support the assertion that he raised this issue in any proceeding prior to this appeal.  In addition, we note that Nana

(continued...)

See Rivera-Zurita v. I.N.S., 946 F.2d 118, 120 n.2 (10th Cir. 1991). As a result, we find Nana's appeal to be without merit and not in good faith. Therefore, we deny Nana's motion to proceed in forma pauperis and dismiss his appeal under 28 U.S.C. § 1915(a)(1).

## II. Civil Rights Claim (Appeal 97-1454)

The district court dismissed Nana's civil rights claim against AVCF officials without prejudice after Nana failed to cure deficiencies in the documents he filed to support his motion to proceed in forma pauperis. The district court had ordered Nana to file with the court a page missing from his complaint and a recent trust fund account statement and certification of that statement by a prison official within thirty days. The district court informed Nana that if he did not file the required documents on time, his claims would be dismissed without prejudice. Nana failed to file a certification of his account statement. As a result, the district court dismissed his claims without prejudice. The district court

---

(...continued)
does not specify the pending case in which he allegedly has been called as a material witness. See United States v. Rodriguez-Aguirre, 108 F.3d 1228, 1238 n.8 (10th Cir.), cert. denied, 118 S. Ct. 132 (1997) (appellant has the burden of tying the relevant facts, supported by specific citations to the record, to his legal contentions); see also Bertrand v. Sava, 684 F.2d 204, 213 (2d Cir. 1982) ("The burden of proving that [the District Director's] decision was . . . exercised irrationally or in bad faith is a heavy one and rests at all times on the . . . alien challenging denial of [immigration] parole."). The only related case mentioned by Nana in his appeal is the case he filed against the AVCF officials which has been dismissed without prejudice and thus is not currently pending before the court. Although Nana appeals the dismissal of his claim in that case in appeal 97-1454, as discussed below, we dismiss that appeal.

subsequently denied Nana's motion to reconsider the order of dismissal, noting that Nana did not inform the court in a timely manner why he failed to file the required documents.

Nana does not dispute the district court's conclusion that he failed to file the required certification before the district court's deadline and did not inform the district court in a timely manner of a legitimate explanation for his failure to do so. As a result, we see no error in the district court's decision to dismiss Nana's claims without prejudice. Because we find no error in the original dismissal, we do not believe the district court abused its discretion by denying Nana's motion for reconsideration. As a result, we find Nana's appeal to be without merit and not in good faith, and we deny Nana's motion to proceed <u>in forma pauperis</u> and dismiss his appeal under 28 U.S.C. § 1915(a)(1).

## CONCLUSION

For the reasons discussed above, we deny Nana's <u>in forma pauperis</u> motions in appeals 97-1360 and 97-1454 and dismiss both appeals.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge