**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 26 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAYMOND E. KESSLER,

      Plaintiff-Appellant,

v.

BROWN & WILLIAMSON,
LORILLARD, R.J. REYNOLDS, and
PHILLIP MORRIS,

      Defendants-Appellees.

No. 98-7159

(D.C. 98-CV-380-S)
(Eastern District of Oklahoma)

**ORDER AND JUDGMENT***

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.

     After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

     *    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Kessler brought claims against the Brown & Williamson, Lorrillard, R.J. Reynolds, and Phillip Morris, seeking damages for his inhalation of second-hand smoke. Mr. Kessler had filed nearly identical claims in state court against all the defendants except Lorrillard, and lost on the merits. The district court dismissed the claims against Brown & Williamson, Lorrillard, and Phillip Morris for failure to state a claim. See Rec. doc. 24, at 7. It also noted res judicata would preclude even a validly-stated claim against Brown & Williamson and Phillip Morris. See id. In a separate order, the district court granted R.J. Reynolds' motion for summary judgment for failing to state a claim on which relief could be granted. See Rec. doc. 26, at 4. The court expressly declined to reach the res judicata and statute of limitations issues raised by the defendant as they would be moot in light of the failure to state a claim. See id. at 2, n.1.

By way of appeal, Mr. Kessler had identified no facts and no issues for our review. See Appnt's Brief at 2-3 (A-12 Form). Mr. Kessler noted that the district court did not apply the wrong law, did not incorrectly decide the facts, and did not fail to consider important grounds for relief. See id. at 4. He further identified no other reasons the district court's judgment might be wrong. See id. In the *sole* substantive comment in his brief, Mr. Kessler responds to the query, "What action do you want the court to take in your case?": "get me money." See id.

We review both a dismissal for failure to state a claim, and a grant of summary judgment, de novo.    See Chemical Weapons Working Group, Inc. v. United States Dep't of the Amry , 111 F.3d 1485, 1490 (10th Cir. 1997);     Kaul v. Stephan , 83 F.3d 1208, 1212 (10th Cir. 1996).  Mr. Kessler filed and appeals as a pro-se plaintiff:  We therefore construe his pleadings and appellate filing liberally.   See Riddle v. Mondragon  , 83 F.3d 1197, 1202 (10th Cir. 1996);     United States v. Hardwell  , 88 F.3d 897, 897 (10th Cir. 1996).  That said, "an appellant's pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan County  , 32 F.3d 452, 455 (10th Cir. 1994).

Mr. Kessler has failed to identify a single issue for our review, and has failed to allege any facts from which we might discern an issue for review.  An appellant's brief must include a statement of the "issues presented for review," and "[a]n argument."  Fed. R. App. P. 28 (a)(5) and (9);     see also American Airline v. Christiansen  , 967 F.2d 410, 415 n.8 (10th Cir. 1992).  A single statement of "get me money," as an argument or an issue fails to rise to the level required by the Rules of Appellate Procedure, even liberally construed for a pro-se plaintiff.

We AFFIRM the decision of the district court for substantially the same reasons articulated by the court.

Entered for the Court,

Robert H. Henry
Circuit Judge