**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 10 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ENRIQUE MARTINEZ,

Defendant - Appellant.

No. 98-3250
(D. Ct. No. 98-CR-10017)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal is from an order of the district court sentencing appellant Martinez to 96 months imprisonment pursuant to a plea agreement in which defendant pled guilty to one count of distribution of methamphetamine. In

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

exchange for the plea, the United States agreed to recommend a sentence of eight years as part of a downward departure from the mandatory minimum sentence pursuant to U.S.S.G. § 5K1.1.  The defendant signed the plea agreement, and the district court granted the motion of the United States to accept the plea agreement and sentenced the defendant to the 96 month period.

On appeal, defendant argues that his plea was not knowingly and voluntarily made and that he was not sentenced correctly under the United States Sentencing Guidelines.  We affirm.

Defendant's counsel filed an abbreviated brief in this matter pursuant to Anders v. California, 386 U.S. 738 (1967).  Simultaneously, defendant's counsel has filed a motion for leave to withdraw.  The motion for leave to withdraw is granted.  We therefore rely upon the pro se statement of defendant and treat it as a pro se brief filed in this court.  As such, we construe the brief liberally, see United States v. Hardwell, 88 F.3d 897, 897 (10th Cir. 1996), and determine that the filing of the brief by defendant's counsel, supplemented by the defendant's pro se statement, meets the rules related to filing briefs in this court, see Fed. R. App. P. 28; 10th Cir. R. 28.

Construing liberally the defendant's statement filed with this court, defendant Martinez raises on appeal the issue of whether his plea was knowingly and voluntarily entered and whether the United States Sentencing Guidelines were

applied correctly to his case. The record in this matter contains the full transcript of the plea and sentencing hearing. We have reviewed that transcript carefully in light of the allegations of the defendant and find that the defendant's plea was clearly made voluntarily and knowingly. The district court carefully questioned defendant with respect to all aspects of the plea agreement. The district court also thoroughly informed the defendant about the consequences of his plea. The district court in this case was very careful in his explanations of the charge and in his colloquy with the defendant. At all points in this hearing, the defendant acknowledged that he understood the facts and that he knew the substance and consequences of the plea agreement that he had entered. The district court also thoroughly described to the defendant the operation of the government's motion made pursuant to U.S.S.G. § 5K1.1 for a departure based on defendant's substantial assistance to the government. We find that the defendant's plea was knowingly and voluntarily made and that there was a sufficient factual basis for the plea.

With respect to the issue related to the application of the United States Sentencing Guidelines, we find no error in the sentence imposed on the defendant. Defendant failed to object to any of the factual contents in the presentence report. "'Failure to object to a fact in a presentence report . . . acts as an admission of fact.'" United States v. Shinault, 147 F.3d 1266, 1278 (10th Cir.)

(quoting United States v. Deninno, 29 F.3d 572, 580 (10th Cir. 1994)), cert. denied, 119 S. Ct. 459 (1998).  Thus, defendant is now precluded from objecting to the factual contents of the presentence report.  To the extent that defendant is arguing on appeal that the district court misapplied as a matter of law the United States Sentencing Guidelines, we review those allegations for plain error.  After thoroughly reviewing the transcript of this sentencing hearing, we find no error in the decision of the district court to sentence defendant to an eight-year sentence following the plea agreement and a motion for a downward departure by the United States on the basis of defendant's substantial assistance to the government.  We affirm and grant defendant's counsel's motion to withdraw.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge